IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOMINIC LATRELL RYLANDER, #1925918 | § § § § | |
| VS. | § § § | CIVIL ACTION NO. 4:13CV707 |
| COLLIN COUNTY SHERIFF OFFICE, ET AL. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge (the "Report") (Dkt. 59), which contains her findings, conclusions, and recommendation for the disposition of Collin County Sheriff's Office's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 49), has been presented for consideration. The Report recommends that the court grant the motion and, furthermore, deny Plaintiff's request to substitute Collin County as a defendant. Plaintiff has filed written Objections (Dkt. 65). Having made a *de novo* review of the Objections, the court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct.

Plaintiff objects to the Magistrate Judge's conclusion that he should not be permitted to substitute Collin County as the real party in interest for County officials and employees named in his Amended Complaint (Dkt. 33). He argues Collin County is subject to liability for the acts of its employees because they were acting in accordance with a policy or custom sanctioned by the County.

As the Magistrate Judge correctly explained, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a

1

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). The description of a governmental policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *See id.* at 1278.

In his Amended Complaint, Plaintiff alleged Defendant Sheriff Box, an official of Collin County, "failed to see if disease control policies were being followed" within Collin County Detention Facility. Dkt. 33 at 3. He further asserted that the other defendants, Collin County Sheriff's Office, Chief Deputy Allen, Assistant Chief Deputy Adams, and Captain Khlar, all of whom were agents or employees of Collin County, violated, disregarded, or failed to properly implement County policy related to maintaining inmate health and safety. *See* Dkt. 33 at 4. Notably, Plaintiff did not allege that the acts and omissions complained of were the result of a County-sanctioned policy. As the Magistrate Judge aptly noted, Plaintiff asserted the opposite, claiming that "the relevant actors tortiously violated or disregarded policy related to maintaining inmate health and safety." Dkt. 59 at 5.

In his Objections, Plaintiff claims for the first time that the medical errors and denials of care alleged in his Amended Complaint indicate the existence of a County-sanctioned custom or policy of denying medical care to inmates. However, Plaintiff cannot "demonstrate the existence of the alleged customs or policies by pointing to what happened to him and reasoning that because of these events, the asserted customs or policies must exist." *Moore v. Bowie Cty., Tex.*, No. 5:11CV110, 2012 WL 4355031, at *17 (E.D. Tex. July 31, 2012), *report and recommendation adopted,* No. 5:11CV110, 2012 WL 4355000 (E.D. Tex. Sept. 21, 2012); *see also Colle v. Brazos Cty., Texas,* 981 F.2d 237, 245 (5th Cir.1993) (the existence of alleged

policies may not be inferred simply because harm resulted from an interaction with a government agency). Accordingly, Plaintiff has failed to show a basis for holding Collin County liable.

In light of the foregoing, it is **ORDERED** that Plaintiff's Objections (Dkt. 65) are **OVERRULED**. It is further **ORDERED** that the Report and Recommendation (Dkt. 59) is **ADOPTED**. It is further **ORDERED** that Defendant Collin County Sheriff's Office Motion to Dismiss (Dkt. 49) is **GRANTED.**

**SIGNED this the 9th day of January, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE